UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JUAN BEDIOS OVALLE,
　　　　　*Defendant-Appellant.*

No. 02-4435

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-130)

Submitted: January 14, 2003

Decided: February 4, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Winnie Jordan Reaves, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Juan Bedios Ovalle appeals his conviction and sentences of consecutive terms of eighty-seven and sixty months' imprisonment after his guilty plea to conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine and at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2000). Ovalle's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that Ovalle may have received ineffective assistance of counsel, but stating that, in his opinion, there were no meritorious issues. Ovalle has filed a document we have construed as a pro se supplemental brief alleging he received ineffective assistance of counsel and that he was charged for a gun he did not possess.

Ovalle asserts counsel provided ineffective assistance by failing to obtain a sentencing adjustment based upon Ovalle's mitigating role in the offense. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims should be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Because the record on appeal does not conclusively establish ineffective assistance of counsel, we conclude Ovalle's claim should be asserted, if at all, in a § 2255 proceeding, not on direct appeal. We reject Ovalle's pro se ineffective assistance of counsel claims on the same grounds.

Ovalle argues the Government improperly charged him for a gun he never possessed. Because Ovalle was charged, and pled guilty to, aiding and abetting possession of the firearm, we reject this claim. *See United States v. Wilson*, 135 F.3d 291, 305 (4th Cir. 1998) ("A defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant.").

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*